UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY ASBURY,

        Plaintiff,                                      Civil Action No. 14-CV-13339

vs.                                                    HON. MARK A. GOLDSMITH

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

### OPINION AND ORDER (1) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 9) AND (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 10)

### I. INTRODUCTION

In this social security case, Plaintiff Gregory Asbury, proceeding <u>pro se</u>, appeals from the final determination of the Commissioner of Social Security, denying his application for disability insurance benefits under Title II of the Social Security Act.[1] A hearing on Plaintiff's application was held before Administrative Law Judge ("ALJ") Andrew Sloss on April 18, 2013. Administrative Record ("A.R.") at 18 (Dkt. 7). On April 22, 2013, the ALJ issued a decision declaring Plaintiff not disabled from the alleged onset of Plaintiff's disability, September 28,

---

[1] The procedural history accompanying Plaintiff's appeal is detailed elsewhere on the docket. <u>See</u> 1/12/2016 Order (Dkt. 20). However, in the interest of thoroughness, the Court will briefly repeat the material facts here. Plaintiff's former counsel terminated its representation of Plaintiff in this social security appeal. Plaintiff was informed of this fact through a letter from the firm and multiple notices from the Court. Plaintiff was given a window of opportunity in which to secure new counsel, and no new counsel appeared on his behalf. Subsequently, the Court ordered Plaintiff to appear for an in-person status conference to discuss how to proceed with his appeal. Plaintiff failed to appear. At the hearing, the Court determined the most prudent course of action was to decide Plaintiff's appeal in its current posture, <u>i.e.</u> based on the briefs that have already been filed in this case. An order was issued to this effect and mailed to Plaintiff's last known address. <u>See</u> 1/12/2016 Order; 1/12/2016 Text-Only Certificate of Service. Since then, Plaintiff has not made any attempt to contact the Court.

2011, through the date Plaintiff was last insured, December 31, 2012. Id. at 24. Plaintiff requested review of this decision, id. at 13, and the Appeals Council denied the request, id. at 1. At that point, the ALJ's decision became the final decision of the Commissioner. Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 543-544 (6th Cir. 2004). Plaintiff then filed a complaint in this Court to contest the ALJ's decision (Dkt. 1). The parties have filed cross-motions for summary judgment (Dkts. 9, 10). As discussed in more detail below, the Court now denies Plaintiff's motion for summary judgment and grants Defendant's motion for summary judgment.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court's "review is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 512 (6th Cir. 2010) (quoting Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In determining whether substantial evidence exists, the Court "may look to any evidence in the record, regardless of whether it has been cited by [the ALJ]." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001). "[T]he claimant bears the burden of producing sufficient evidence to show the existence of a disability." Watters v. Comm'r of Soc. Sec., 530 F. App'x 419, 425 (6th Cir. 2013).

"Disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In determining whether an individual is disabled, the Commissioner applies the following five-step sequential disability analysis: (i) whether the

claimant performed substantial gainful activity during the disability period; (ii) whether the claimant has a severe medically determinable impairment; (iii) whether the claimant has an impairment that meets or equals a listed impairment; (iv) whether the claimant, in light of his residual functional capacity ("RFC") can return to his past relevant work; and (v) if not, whether the claimant, in light of his RFC and his age, education, and work experience, can make an adjustment to other work.  See 20 C.F.R. § 416.920(a) (explaining the five-step sequential evaluation process).  Plaintiff has the burden of proof for the first four steps, but, at step five, the burden shifts to the Commissioner to show that "notwithstanding the claimant's impairment, he retains the residual functional capacity to perform specific jobs existing in the national economy."  Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).

### III.  THE ALJ'S DECISION

The ALJ based his decision on an application of the Commissioner's five-step sequential disability analysis to Plaintiff's claim.  The ALJ found as follows:

- Under Step One, Plaintiff last met the insured status requirements through December 31, 2012, and had not engaged in any substantial gainful activity since September 28, 2011, the alleged onset of disability, through the date last insured.  A.R. at 20.

- Under Step Two, through the date last insured, Plaintiff had the following severe impairments: "degenerative disk disease of the lumbar spine; degenerative joint disease of the right shoulder; obesity with diabetes mellitus."  Id.

- Under Step Three, through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment.  Id. at 21.

- Through the date last insured, Plaintiff had the RFC "to perform light work . . . except as restricted by the following: [Plaintiff] is limited to occasional climbing of ladders, ropes and scaffolding; [Plaintiff] is limited to frequent climbing of stairs/ramps, stooping, kneeling, crouching and crawling; [Plaintiff] is limited to occasional overhead reaching."  Id. at 22.

- Under Step Four, through the date last insured, Plaintiff was capable of performing his past relevant work as a manufacturing supervisor.  Id. at 24.

3

## IV. ANALYSIS

As an initial matter, and as Defendant observes, Plaintiff's brief appears to be a stock brief composed primarily of bare legal principles and standards, with little-to-no application of those standards to the individual facts of his case. See Def. Mot. at 10-11; compare Pl. Mot., with Pl. Mot., Harrison v. Comm'r of Soc. Sec., 14-11983 (Dkt. 9). Defendant contends that Plaintiff's failure to "tailor[ ] his arguments to the specific record before the Court" waives those arguments. Def. Mot. at 12. The Court is apt to agree. Nonetheless, in the interests of justice, the Court will consider those arguments it can, based on what is provided in Plaintiff's brief.

Plaintiff appears to challenge the ALJ's decision on three grounds: (i) the ALJ improperly assessed Plaintiff's credibility when he discounted Plaintiff's complaints of pain and Plaintiff's testimony regarding the extent of his functional impairments; (ii) the hypothetical presented to the Vocational Expert ("VE") did not accurately describe Plaintiff in all relevant respects, which led to an erroneous determination that Plaintiff could perform his previous work; and (iii) the ALJ did not properly evaluate medical source opinions, and did not give full credence to the "treating physician" rule. The Court takes each argument in turn, and concludes that the first two lack merit, while the third is waived entirely.

### A. The ALJ's Credibility Determination

As summarized by the Sixth Circuit, the following legal standards govern an ALJ's credibility determination:

> It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant. However, the ALJ is not free to make credibility determinations based solely upon an "intangible or intuitive notion about an individual's credibility." Rather, such determinations must find support in the record. Whenever a claimant's complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence, the ALJ must make a determination of the credibility of the claimant in connection with his or her

4

> complaints "based on a consideration of the entire case record." The entire case record includes any medical signs and lab findings, the claimant's own complaints of symptoms, any information provided by the treating physicians and others, as well as any other relevant evidence contained in the record. Consistency of the various pieces of information contained in the record should be scrutinized. Consistency between a claimant's symptom complaints and the other evidence in the record tends to support the credibility of the claimant, while inconsistency, although not necessarily defeating, should have the opposite effect.
>
> Social Security Ruling 96-7p also requires the ALJ explain his credibility determinations in his decision such that it "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." In other words, blanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence.

Rogers, 486 F.3d at 247-248 (citations and footnote omitted).

As mentioned supra, Plaintiff's argument on this point is devoted largely to the legal standards pursuant to which an ALJ makes a credibility determination. See Pl. Mot. at 6-8. But Plaintiff does offer specific references to his testimony, which he argues is supported by the medical evidence of record, thus rendering the ALJ's credibility determination erroneous. Id. at 10-11.[2] To substantiate his testimony, however, Plaintiff merely lists stand-alone diagnoses. Id. at 11. But diagnoses themselves generally do not establish disability; rather, disability is determined by the functional impairments caused by the diagnosis or condition. See Hill v. Comm'r of Soc. Sec., 560 F. App'x 547, 551 (6th Cir. 2014). And a diagnosis of a condition, without more, does not speak to the severity of the condition or the functional limitations

---

[2] For instance, Plaintiff references testimony that (i) he has lower back pain; (ii) he cannot lift anything with his right shoulder; (iii) he has severe numbness in his right knee that causes it to "give out" if he stands for any lengthy period of time; (iv) he experiences numbness and tingling in his feet and fingers; and (v) he can stand for only about 45 minutes and can sit for about the same amount of time. Pl. Mot. at 10-11.

associated with it. See Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis of arthritis, of course, says nothing about the severity of the condition."). Accordingly, the documented existence of certain medical conditions, without more, does not preclude the ALJ from discounting a claimant's credibility as to the functional limitations associated with those conditions, when other aspects of the record support the ALJ's credibility determination.

In any event, however, the ALJ considered Plaintiff's subjective complaints of pain in accordance with the pertinent legal standards. Regarding disability claims premised on subjective allegations of pain, the Sixth Circuit has stated the following:

> [T]here must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain. The standard does not require, however, objective evidence of the pain itself.

Duncan v. Sec'y of Health & Hum. Servs., 801 F.2d 847, 853 (6th Cir. 1986) (citations and quotation marks omitted); see also 20 C.F.R. § 404.1529 (setting forth guidelines for analyzing subjective claims of pain).

Plaintiff alleges disability on the basis of back pain, right shoulder pain, numbness in his right leg, and diabetes. A.R. at 32-33. The ALJ acknowledged that Plaintiff's conditions would cause a certain amount of chronic pain that would somewhat limit Plaintiff's work-place abilities; however, the ALJ ultimately found that Plaintiff was functionally more capable than his testimony and other reports would suggest. Id. at 23. The ALJ first considered the objective medical evidence, including (i) April 2012 MRI results for Plaintiff's right shoulder, which demonstrated a SLAP tear, a mild sprain, and possible impingement;[3] and (ii) September 2012

---

[3] A "SLAP" tear refers to a "superior labral tear from anterior to posterior." Harris v. Comm'r of Soc. Sec., No. 12-10387, 2013 WL 1192301, at *1 n.1 (E.D. Mich. Mar. 22, 2013).

MRI results for Plaintiff's lumbar spine, which demonstrated "encroachment on the L4 nerve root at the L3-4 level, along with L4-5 protrusion resulting in severe right and moderate left foraminal narrowing." Id. at 20-21. However, the ALJ also noted that Plaintiff's treating records failed to include objective clinical deficits in strength, sensation, or gait. Id. at 20, 23. Moreover, while the independent consultative examination revealed some reduced range of motion in Plaintiff's shoulder and lumbar spine, it too failed to demonstrate signs of reduced strength, difficulty walking, or deficits in Plaintiff's grip and/or dexterity. Id. at 23. The ALJ thus concluded that the medical record did not contain objective evidence of abnormalities that could reasonably account for the type of limitations alleged by Plaintiff. Id.

And, contrary to Plaintiff's suggestion, the ALJ did not rely solely on the objective medical evidence in evaluating his credibility. See Pl. Mot. at 8; accord Felisky v. Bowen, 35 F.3d 1027, 1039 (6th Cir. 1994) (ALJ must look beyond the content of the medical record in evaluating subjective claims of pain). The ALJ further observed that Plaintiff had "received little treatment beyond prescription medication for all his conditions," and "did not seek more intensive treatment for his shoulder or back impairment . . . despite his reports of very serious chronic symptoms." A.R. at 23. The ALJ also commented that Plaintiff had ceased working on the alleged onset date not because of medical problems, but because his former employer had dissolved; this timing also caused the ALJ to question Plaintiff's credibility. Id. Thus, the ALJ did not rely solely on the objective medical evidence in evaluating Plaintiff's credibility.

This Court does not make decisions about credibility. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). Rather, the "ALJ is charged with the duty of observing a witness's demeanor and credibility," Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 531 (6th Cir. 1997), and the ALJ's determination should not be disturbed absent a compelling reason, Smith v.

7

Halter, 307 F.3d 377, 379 (6th Cir. 2001). Plaintiff's general disagreement with the ALJ's conclusion does not constitute a compelling or significant reason for this Court to substitute its own judgment for that of the ALJ's.

Indeed, the ALJ's credibility determination is supported by substantial evidence. According to emergency department records dated February 2012, Plaintiff reported not having seen a doctor in two years, A.R. at 162, 163, which seems inconsistent with an alleged onset of disability commencing back in September 2011. The emergency department also conducted a physical exam, the results of which were generally normally, including a normal range of motion in all of Plaintiff's extremities and no perceived motor deficits. Id. at 159, 164. It appears that Plaintiff began seeing his current primary care physician, Dr. Uday Kunadi, M.D., shortly after his visit to the emergency department. Id. at 196 (February 27, 2012 medical note indicating Plaintiff was a new patient). And aside from subsequent MRI results indicating mild impairments in Plaintiff's shoulder and lumbar spine, id. at 191 (March 2012 MRI results of right shoulder, evidencing mild degenerative changes); id. at 192-193 (April 2012 MRI results of right shoulder, evidencing mild tearing, a grade 1 sprain, and some impingement); id. at 232-233 (September 2012 MRI results of lumbar spine, evidencing multilevel spondylotic and degenerative changes and a left central disc protrusion causing root compression); id. at 240 (July 2012 MRI results of lumbar spine, evidencing minor arthritis of lower spine but no other significant findings), the medical record consists mostly of subjective and vague complaints of pain. It appears that Plaintiff was referred for physical therapy at one point, however, Plaintiff's primary care physician noted on more than one occasion that Plaintiff never bothered to follow up with the recommendation. See id. at 211, 212, 242.

Plaintiff's own reports of his day-to-day abilities also appear to be inconsistent, such that Plaintiff may be exaggerating his symptoms. For instance, Plaintiff's adult function report indicated he had no problems with personal self-care, including dressing, bathing, hair care, and shaving, and also stated that he was also able to make simple meals. Id. at 138-139. However, in the same report, Plaintiff also wrote that he was unable to reach or pick anything up with his right arm, at all, and that he could barely put his car into park. Id. at 142. These statements appear inconsistent and geared toward a decision that Plaintiff was disabled.

In sum, the substantial evidence standard is not onerous, and the overall record contains sufficient evidence to justify discounting Plaintiff's credibility regarding the extent of his functional limitations. See McClanahan v. Comm'r of Soc. Sec., 474 F.3d 830, 833 (6th Cir. 2006) ("Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (internal quotations omitted)).

### B. The ALJ's Hypothetical Question to the VE

Next, Plaintiff challenges the ALJ's disability determination on the basis that the hypothetical presented to the VE did not describe Plaintiff in all significant and relevant respects, and, therefore, there were insufficient grounds for concluding that Plaintiff could perform his past relevant work. Pl. Mot. at 8-10, 11. In particular, Plaintiff suggests that the hypothetical (and subsequent RFC) should have accounted for an individual who must sit in a reclined position for most of the day, and who must also take several one-hour naps. Id. at 11. According to the VE these conditions would preclude full-time gainful employment. Id.

But "in formulating a hypothetical question, an ALJ is only required to incorporate those limitations which he has deemed credible." Gant v. Comm'r of Soc. Sec., 372 F. App'x 582, 585

9

(6th Cir. 2010). And the Court has already concluded that the ALJ's credibility determination should not be disturbed. Plaintiff presents no additional argument or analysis with respect to these two alleged limitations that would persuade the Court differently. Indeed, aside from his own testimony, Plaintiff presents no record evidence that would support either of those allegations. Accordingly, it was not erroneous for the ALJ to withhold these requirements from the hypothetical that ultimately informed the RFC.

### C. Medical Source Opinions and the Treating-Physician Rule

Last, Plaintiff recites at length the standards governing an ALJ's obligation to consider medical source opinions and, specifically, to carefully consider and weigh the medical source opinions from treating physicians. Pl. Mot. at 11-14. However, Plaintiff fails entirely to apply any of these standards to his own case. He neither identifies any medical source opinion that the ALJ failed to consider or adopt, nor any actual inconsistency between the RFC and a medical source opinion. Indeed, Plaintiff does not even reference any treating source opinions contained in the record, let alone a treating source opinion that the ALJ failed to consider and/or accord appropriate weight. The Court agrees with Defendant on this argument: the utter lack of factual development alone waives this argument. See McPherson v. Kelsey, 125 F.3d 989, 995-996 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."); Deguise v. Comm'r of Soc. Sec., No. 12-10590, 2013 WL 1189967, at *7 (E.D. Mich. Feb. 19, 2013) ("[P]laintiff cannot simply make the claim that the ALJ erred . . . while leaving it to the Court to scour the record to support this claim."), report and recommendation adopted by 2013 WL 1187291 (E.D. Mich. Mar. 22, 2013); Crocker v. Comm'r of Soc. Sec., No. 1:08-CV-1091,

10

2010 WL 882831, at *6 (W.D. Mich. Mar. 9, 2010) ("This court need not make the lawyer's case by scouring the party's various submissions to piece together appropriate arguments.").

## V.  CONCLUSION

For the aforementioned reasons, Plaintiff's motion for summary judgment (Dkt. 9) is denied, and Defendant's motion for summary judgment (Dkt. 10) is granted.

SO ORDERED.

Dated:  February 25, 2016               s/Mark A. Goldsmith
Detroit, Michigan                       MARK A. GOLDSMITH
                                        United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 25, 2016.

                                        s/Karri Sandusky
                                        Case Manager